RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 1 6 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT COURT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| ERICA CHRISWELL | ( |
|  | ( |
| Plaintiff, | (    CIVIL ACTION NO. |
| v. | (    1:24-CV-5766 |
|  | ( |
| BMB MATRIX LLC. | ( |
|  | ( |
|  | (    JUDGE: |
| Defendant. | ( |
|  | (    JURY DEMANDED |

## COMPLAINT

**Comes Now,** Erica Chriswell (hereinafter the "Plaintiff") hereby files this complaint against BMB Matrix LLC., a company incorporated under the laws of Delaware, having its principal place of business located at 8 The Green, Ste A., Dover, DE. 19901.

## I.    JURISDICTION AND VENUE

1. Jurisdiction is proper in this case as the US District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of the interest and costs, and is between citizens of different States. Jurisdiction is therefore proper under 28 U.S.C. §1332.

2. Venue is proper in this District pursuant to <u>15 U.S.C. §§ 15(a)</u>, <u>22</u> and <u>28</u> U.S.C. §§ 1391 (b), (c), (d) because, during the relevant period, Defendants resided, transacted business, and / or had agents in this District.

3. This Court has *in personam* jurisdiction over the Defendant because they transact business in this district.

## *II.    PARTIES*

### *Plaintiff*

4. Plaintiff Erica Chriswell is an individual from Georgia who owned an online store with Amazon. The Plaintiff contracted the online services of the Defendant BMB Matrix LLC for the purposes of boosting online sales. Plaintiff entered into an agreement with Defendant BMB Matrix LLC., in or around March 23, 2023, for their service of stocking, operating, and fully managing the Amazon Store Front.

### *Defendant*

5. Defendants BMB Matrix LLC., are organized in the State of Delaware. BMB Matrix represented that they were in long-standing partnership with Amazon LLC and that they were an established industry leader in turnkey ecommerce building and delivery. BMB Matrix LLC., represented their products as being electronics like routers and hardware for computers.

### III.   *STATEMENT OF FACTS*

6. In or around March of 2023 Plaintiff entered a contract with BMB Matrix and paid the required automation fee. (The Amazon Lite Plan which costs $4,995.00)

7. In or around May of 2023, BMB Matrix finished stocking the online store.

8. In or around June 2023, Plaintiffs' store began to realize a high number of returns, in 40%. Although returns are normal in commerce, a return rate of 40% means products are faulty. Plaintiff asked BMB to return her payments for the returned goods back to her. BMB refused to return the wholesale costs of the products to the Plaintiff and then told her they would provide her credits to use toward purchasing other products. Plaintiff then began to review the products BMB added to her store and found that everything was used or refurbished. Because this was never disclosed to her, Plaintiff felt she was being defrauded out of her money.

9. In or around June 2023, Plaintiff informed BMB Matrix that she no longer wanted to collaborate with them because of their lack of transparency and honesty.

10. In or around June 2023, BMB told Plaintiff they would not refund the automation fee or the costs of the merchandise until March of 2024, as stated

within the contract. Plaintiff reviewed the contract, and it stipulated that any funds would be returned in one year if you decided to close your store. Plaintiff waited one year.

11. In or around March 2024, Plaintiff contacted Defendant and asked for her refund to be forwarded to her. Her calls went ignored.

12. In or around June 2024, a representative by the name of Emeli told Plaintiff she would have to execute an account closure agreement. Plaintiff told the representative she would not be signing another agreement to get the company to adhere to the first agreement.

13. In June Plaintiff sent BMB Matrix a repayment agreement, offering a repayment plan but BMB Matrix refused to sign the agreement.

14. On June 17th, 2024, BMB Matrix then had their representative contact Plaintiff telling her if she did not sign their repayment agreement which included an NDA, she would forfeit any monies due to her.

15. Plaintiff signed the agreement but did not agree to the NDA portion of the agreement.

16. Plaintiff began doing research on the company and found hundreds of complaints from other consumers who BMB Matrix had used predatory tactics and deceptive practices against. Hundreds of people have lost hundreds of thousands of dollars due to the illegal practices of this company

4

that Amazon has employed to get rid of their returns and used products at a
profit.

### IV.    *PLAINTIFFS CAUSE OF ACTION: BREACH OF CONTRACT*

17. Plaintiff restates the facts and allegations in the preceding paragraphs and
further states as follows:

18. In Georgia, a contract is an agreement between two or more parties that is
enforceable by law. Contracts can be made orally or in writing. BMB Matrix
breached the contract that they entered with the Plaintiff in violation of
Georgia Code Title 13, Contracts, § 13-6-2.

19. The contract included the elements of offer, acceptance, consideration, and
mutual assent. Will depend on the specific facts of the case.

20. Plaintiff asserts that a valid contract existed between the Plaintiff and the
Defendant BMB Matrix to provide services to the Plaintiff's benefit, in
exchange for Plaintiff rendering the cost of services plus the wholesale cost
of products sold.

21. If one party breaches a contract the non-breaching party may sue for their
losses. The amount of damages that can be awarded.

### *SECOND CAUSE OF ACTION: INTERFERENCE WITH CONTRACT RELATIONS*

22. Plaintiff restates the facts and allegations in the preceding paragraphs and further states as follows:

23. Intentional interference with contractual relations requires the following elements: (1) the existence of a contractual relationship; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification for such interference; and (4) damages resulting from the defendants conduct." Hennessy v. Santiago, 708 A.2d 1269, 1278 (Pa. Super. Ct. 1998) (citing Triffin v Jassen, 626 A.2d 571, 574 (1993)). A fundamental requirement of interference with contractual relations is the existence of a contract between the plaintiff and a third party. E.g., Nix v. Temple Univ. Of Commw. Sys. Of Higher Educ., 596 A.2d 1132, 1137 (Pa. Super. Ct. 1991) ("The tort of interference with contract is defined in terms of the right of recovery on this theory is the existence of a contractual relationship between plaintiff and a party other than the defendant.") Glenn v. Point Park Coll., 272 A2d 895, 898 (Pa. 1971); see RESTATEMENT (SECOND) OF TORTS § 766. Plaintiff argues that:

  (i)    There was an existing contractual relationship between plaintiff and Amazon, prior to the Defendant BMB Matrix LLC offering to assist Plaintiff in operation of her online Amazon Storefront.

6

(ii)     There was an intent on the part of defendant BMB Matrix to harm the plaintiff by interfering with that contractual relationship between Plaintiff and Amazon. Due to BMB Matrix's conduct in not adhering to Amazon's seller rules and not delivering on their services they were paid to provide the Amazon store was closed. Once you have a store closed by Amazon you can never be eligible for another store again.

(iii)    Plaintiff states there was no justification for the Defendants conduct which ignored the rules of Amazon Sellers.

(iv)    Plaintiff suffered damages in the amount of $75,000-$85,000 in lost projected online sales and future income between the months the Plaintiff contracted with the Defendants until the present time.

### *THIRD CAUSE OF ACTION: DECEPTIVE PRACTICES*

24. Plaintiff restates the facts and allegations in the preceding paragraphs and further states as follows:

25. BMB Matrix misrepresented the quality of the products, never indicating the products were used or refurbished. They also failed to disclose that because products were used, they may have a high return rate. The Plaintiff was told

7

when a customer buys a product from the store, the Plaintiff would pay

BMB Matrix LLC., the wholesale cost of the product before it could be

shipped to the buyer. BMB never disclosed that if the buyer returned the

merchandise the Plaintiff would not be able to get her money back but would

only be issued credit for more faulty merchandise. These acts of purposeful

nondisclosure show a willful intent to deceive the consumer in violation of

Section 5(a) of the Federal Trade Commission's Act.

### *FOURTH CAUSE OF ACTION: FALSE TESTIMONALS*

26. Plaintiff restates the facts and allegations in the preceding paragraphs and
    further states as follows:

27. The Defendants willfully, intentionally, and unlawfully violated Title 16
    CFR Part 239 – PART 239—Guides for the Advertising of Warranties and
    Guarantees and used deceptive business practices such as false testimonials
    which further promoted a guaranteed 20% rate of return within the first year
    of business. This action also calls for relief from violation of the FTC 16
    CFR § 255.1(a) – General considerations. "Endorsements must reflect the
    honest opinions, findings, beliefs, or experience of the endorser.
    Furthermore, an endorsement may not convey any express or implied
    representation that would be deceptive if made directly by the advertiser."

The Defendants testimonials consisted of inflated sales of 8K within the first week and other far-fetched testimonials.

## VII.   *CONCLUSION*

Due to the above-mentioned breach and violations OF Federal and Contract Law Plaintiff is seeking a demand in an amount of $85,000.00 and any other remedies the court should find just and fair.

Respectfully Submitted

*Erica M. Chriswell* 12/16/2024

Erica Chriswell          Date

9